UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DILLON DAVID DONOHOE,

    Plaintiff,

v.                                    Case No. 2:21-cv-439-JES-NPM

MATTHEW HEINE,

    Defendant.

_____

**OPINION AND ORDER**

In this civil rights case, *pro se* plaintiff Dillon David Donohoe ("Plaintiff") was, at all times relevant to the operative complaint, a pretrial detainee at the Charlotte County Jail. (Doc. 14 at 2). This action stems from an alleged use of excessive force by Defendant Matthew Heine. (Doc. 14 at 5). Currently before the Court is Defendant Heine's motion to dismiss Plaintiff's second amended complaint. (Doc. 25). After careful consideration of the pleadings, the Court grants Defendant Heine's motion and dismisses the second amended complaint for failure to state a claim on which relief may be granted.

**I. Background and Procedural History**

Plaintiff initiated this action on June 3, 2021 by filing a 42 U.S.C. § 1983 civil rights complaint against four defendants. (Doc. 1). Thereafter, Plaintiff filed his first amended complaint against the same four defendants. (Doc. 3). After screening the amended complaint under 28 U.S.C. § 1915(e)(2), the Court

determined—in a detailed order—that Plaintiff had not stated a claim against Defendants M. Kern, Sheriff Prummell, or the Charlotte County Sheriff's Office, and those defendants were dismissed from this action. (Doc. 13).

Thereafter, Plaintiff filed a second amended complaint naming Deputy Matthew Heine as the sole defendant. (Doc. 14). On March 18, 2022, Defendant Heine filed a motion to dismiss the second amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 25). In the motion to dismiss, Defendant Heine argues that "the allegations in the pleading do not rise to the level of a constitutional violation." (Id. at 1). Defendant Heine also argues that he is entitled to qualified immunity on Plaintiff's excessive force claim. (Id.)

Plaintiff did not respond to the motion to dismiss, and the time to do so has expired.[1]

---

[1] Soon after Plaintiff filed his first complaint, the Court advised him that it would assume that any motion to dismiss was unopposed unless he filed a response in opposition or an amended complaint within 21 days after the motion to dismiss was filed. (Doc. 2 at 6, ¶ 9). Plaintiff neither responded to the motion to dismiss nor amended his complaint. Even so, the Court will carefully review the allegations in Plaintiff's second amended complaint and the arguments in Defendant Heine's motion to dismiss to determine whether Plaintiff has stated a claim on which relief may be granted. See Giummo v. Olsen, 701 F. App'x 922, 925 (11th Cir. 2017) (reversing district court for granting motion to dismiss based solely on the plaintiff's failure to file an opposition and requiring the court to indicate whether it had considered the sufficiency of the complaint's allegations).

### II. Second Amended Complaint

Plaintiff makes very few allegations against Defendant Heine in his second amended complaint. Plaintiff generally asserts that he was being held in maximum segregation for psychological observation when Deputy Heine entered his cell, which was against jail policy. (Doc. 14 at 5). Plaintiff then asserts:

> After ordering the only other witness, Deputy Bailey to the closet, Deputy Heine used unnecessary excessive force and slammed me into the wall causing extreme and lingering pain and medical issues. He claimed it was an "administrative hold" but gave no reason to justify physically touching my person.

(Id.) Plaintiff makes no further factual allegations in his second amended complaint. Plaintiff seeks both injunctive relief and monetary damages. (Id. at 8).

### III. Legal Standards

#### A. Motion to Dismiss

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw

3

a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. See Iqbal, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555.

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "Where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." Iqbal, 556 U.S. at 679.

    **B.**   **Excessive Force**

To prevail on a section 1983 excessive force claim, a pretrial detainee must show that the "the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015). The Kingsley court offered several relevant (but non-exclusive) considerations to determine if a defendant's action was objectively unreasonable: (1) the relationship between the need for force and the amount of force used; (2) the extent of the plaintiff's injury; (3) the defendant's efforts to temper or to limit the amount of force; (4)

the severity of the security problem at issue and the threat reasonably perceived by the defendant; and (5) whether the plaintiff was actively resisting.  Id. at 397.

## IV. Discussion

The only remaining claim in the second amended complaint is one of excessive force based on Plaintiff's allegation that Defendant Heine used an "administrative hold" on him that resulted in Plaintiff being slammed against the wall, resulting in pain. This bare bones allegation is insufficient to state a claim upon which relief can be granted.  Without any context regarding what led to the use of force, the Court cannot consider whether any of the Kingsley factors apply to show that Defendant Heine's use of force was unreasonable.  Moreover, without the requisite context, Plaintiff has not pleaded "factual content that allows the court to draw the reasonable inference that [Defendant Heine] is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  In other words, Plaintiff's two-sentence statement does not provide enough detail to even hypothesize a potential claim.  Although the Court is required to liberally construe a *pro se* complaint, neither the Court nor the defendant is required to read between the lines to create a claim on Plaintiff's behalf.  See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro* se litigants this leniency does not give a court license to serve as *de facto* counsel for a party . . . or

5

to rewrite an otherwise deficient pleading in order to sustain an action[.]") (citations omitted).

At bottom, the facts alleged in Plaintiff's second amended complaint simply do not state a claim for excessive force against Defendant Heine, and the defendant's motion to dismiss is due to be granted.

### V.   Conclusion

Plaintiff's bare bones allegations do not state an excessive force claim against Defendant Heine.  Plaintiff had an opportunity to file a third amended complaint after Defendant Heine moved to dismiss his excessive force claim, but he did not amend or even respond to the motion.  In fact, Plaintiff has filed nothing in this action since February 11, 2022, and appears to have abandoned this case.  Accordingly, the Court will not order a third amended complaint, and this case will be dismissed without prejudice.  See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (noting that a district court need not allow further amendments where there have been a "repeated failure to cure deficiencies by amendments previously allowed").  Should Plaintiff wish to proceed in this action, he must file a new complaint under a new case number because this file will be closed.

Accordingly, it is now **ORDERED**:

1. Defendant Heine's motion to dismiss (Doc. 25) is **GRANTED**.  All claims against Defendant Heine are

6

dismissed for failure to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6).

2. With no further claims or defendants, this case is **DISMISSSED without prejudice**. The **Clerk** is directed to terminate any pending motions, close this case, and enter judgment in favor of the defendants.

**DONE AND ORDERED** in Fort Myers, Florida on October 18, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies to:   Dillon David Donohoe, Counsel of Record

7